### COLUMBIA ELECTRICAL SUPPLY COMPANY v. FRANK KEMMET ET AL.

Submitted July 8, 1901—Decided November 11, 1901.

In an action upon a contract in the following form: "We, George Kemmet & Bro., herewith guarantee the account of Mr. Paul Dreher of 813 High St., West Hoboken, to the amount of $500. We are willing to make monthly settlement for the electrical supplies purchased by him, such payments to be made every 15th of the month for the month previous. (Signed) GEO. KEMMET & BRO." *Held*—

1. That the signer thereby became a guarantor of payment.

2. That the guaranty was a continuing one.

3. That its continuance was not dependent upon punctual payment being made by the principal debtor on the 15th of each month.

4. That the guaranty was not conditioned upon the sales being limited to $500, and

5. That the guaranty was not released by the creditor's omission to notify the guarantor that a check given on account by the principal debtor had been dishonored.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *McDermott & Fisk.*

For the defendant, *E. J. Murphy.*

The opinion of the court was delivered by

DIXON, J.   The contract on which this suit is based is in the following form:

"WEST HOBOKEN, N. J., April 23, 1900.

"*Columbia Electrical Supply Co., New York City:*

"GENTLEMEN—We George Kemmet & Bro., herewith guarantee the account of Mr. Paul Dreher of 813 High St., West Hoboken, to the amount of $500.

"We are willing to make monthly settlement for the electrical supplies purchased by him.   Such payments to be made every 15th of the month for the month previous.

"(Signed)    GEO. KEMMET & BRO."

The firm of George Kemmet & Brother consisted of George and Frank Kemmet, and it appearing at the trial that Frank had signed the contract without the assent of George, a nonsuit was ordered as to the latter and a verdict rendered against Frank alone.   The present application is to set aside that verdict.

The account of the plaintiff against Paul Dreher, admitted by the defendant to be correct, showed that, between the date

of the contract, April 23d, 1900, and May 1st, 1900, Dreher had bought of the plaintiff electrical supplies to the amount of $396.90, on which he had paid before May 15th $90, leaving due on May 15th, 1900, a balance of $306.90, and that, between May 1st and May 22d, 1900, when the account closed, he purchased such supplies to the amount of $482.46, on which he paid $200, leaving a balance on the whole account of $589.36 due June 15th, 1900.

On this state of facts the defendant contends (1) that the contract was a guaranty of collectibility only, and therefore the plaintiff should fail for want of evidence that the account was not collectible from Dreher; (2) that, if it was a guaranty of payment, the guaranty did not continue beyond the 15th of any month, unless on that day the account for the preceding month was paid, and hence the defendant's responsibility was confined to $306.90, due May 15th, 1900, less the $200 afterwards paid by Dreher; (3) that the guaranty was on condition that the aggregate of sales to Dreher should not exceed $500, and hence was discharged by breach of the condition, and (4) that the defendant was released because, on May 21st, 1900, the plaintiff received from Dreher his check for $200 on account, and, that not being paid, the plaintiff failed to give prompt notice of its non-payment to the defendant.

That the guaranty was of payment, and not merely of collectibility, is manifest by its language, declaring the willingness of the defendant to make monthly settlement, by *payments* on the 15th of every month, for the account of the previous month. It cannot be supposed that such payments were to be made only in case the plaintiff had then demonstrated its inability to collect from the principal debtor. *Hoey* v. *Jarman,* 10 *Vroom* 523; *S. C.,* 11 *Id.* 379.

The same clause of the contract also clearly shows that the guaranty was a continuing one, for it required repeated payments, on the 15th of every month, without limitation in time. Nor is there the slightest indication that the continuance was dependent upon the punctual payment of the account due on the day specified. When that day arrived, the

defendant was bound to inquire whether the account had then been paid, and, if it had not, to pay it. *Wilkinson-Gaddis Co.* v. *Van Riper,* 34 *Vroom* 394. His obligation to pay, although still collateral to that of Dreher, was then as complete toward the plaintiff as Dreher's, and it would be absurd to hold that the defendant was discharged from his own obligation by his failure to fulfill it.

Equally unfounded is the claim that the guaranty was conditioned upon the sales not exceeding $500. Of course, such a condition may be imposed, as it was in *Bloomington Mining Co.* v. *Searles,* 34 *Vroom* 47, but it cannot be discovered in the present contract. The limit of $500 was put upon the responsibility of the defendant, not upon the transactions between the plaintiff and Dreher.

Nor can we find any reason for holding that the plaintiff was bound to notify the defendant that Dreher had pretended to make a payment on account by a check which was void. That circumstance could not affect the plaintiff's obligation. The case of *Ayres* v. *Van Lieu,* 2 *South.* 881, cited by the defendant in support of his position on this point, was considered by Chief Justice Kirkpatrick as one where the defendant had become merely a guarantor of collection, and had a right to assume that payment had been made by the principal debtor. The present case cannot be placed on such a basis.

The plaintiff's claim was clearly proved, and the rule for a new trial must be discharged.