PERKINS-GOODWIN COMPANY, DEFENDANT IN ERROR, v. JOHN HART, PLAINTIFF IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

To "guarantee the payment" of a sum of money, in an appropriate context, imports a direct undertaking to pay the sum in a given event, and not a mere promise to become answerable for the default of another.

On error to the Supreme Court.

Upon a demurrer to special pleas the Supreme Court filed the following:

"PER CURIAM.

"The declaration alleged in substance the execution of an agreement between the plaintiff company and the E. R. Ramsey Company for the sale of certain lands of the plaintiff situate in the State of New York whereby the Ramsey company covenanted to make certain payments to the plaintiff representing the consideration stated in the agreement of sale. One of the payments, known as the 'second,' was to

be the sum of $7,000, and the payment of this sum the defendant guaranteed in writing over his signature in consideration of the execution of the agreement of sale by the plaintiff. The second payment was not made by the Ramsey company, and this suit was instituted upon the defendant's said contract of guaranty.

.. "Defendant filed four pleas, one, the general issue, and three in bar. · The pleas in bar are directed to the denial of the legal existence of the contract of sale, and to these pleas· the demurrer was filed.

"For the purposes of this suit it is immaterial whether the contract of the plaintiff with the Ramsey company was valid or not. The effect of the pleas is to admit the allegations of the declaration, wherein it is charged that the consideration of the guaranty was the execution by the plaintiff of the contract of sale with the Ramsey company and the acceptance by plaintiff· as *quid pro quo* of the written guaranty of the defendant.

"The legal effect of the guarantee was that the defendant would pay the sum of $7,000 called for by the contract if the Ramsey company failed so to do. It is immaterial for the purpose of recovery of the guarantee, what were the causes of· the Ramsey company's failure to pay. The test of defendant's liability is the failure in any event of the Ramsey company to pay. *Mann* v. *Eckford,* 15 *Wend.* 502; *Remsen* v. *Graves,* 41 *N. Y.* 471.

"The plaintiff is entitled to judgment on the demurrer."

· For the plaintiff in error, *Carrick & Wortendyke.*

For the defendant in error, *Brinkerhoff & Fielder.*

The opinion of the court was delivered by

GARRISON, J.  Judgment on demurrer to special pleas having been entered for the plaintiff the case went to a trial on the general issue upon which testimony offered by the defendant in support of the pleas that had been overruled was excluded.  Final judgment having been entered for the

plaintiff the defendant brings this writ of error, assigning as error the order sustaining the demurrer. This properly raises the questions the plaintiff in error has argued.

The judgment final is affirmed for the reasons stated in the opinion of the Supreme Court sustaining the demurrer to the pleas. That opinion, it is true, speaks of the defendant's contract as one of "guarantee," which is the term used in the contract of the defendant, which is in these words:

"In consideration of the execution of the within contract by Perkins Goodwin Company, I hereby guarantee the payment to them on October 20th, 1909, of the sum of $7,000, as provided for by the same.

"(Signed)    JOHN HART."

This is a direct promise by the defendant to pay the plaintiff in a given event, based upon a specified consideration moving from the plaintiff, and is entirely independent of the enforceability of the "within contract" against the other party thereto. The term "guarantee" in such a context imports an undertaking to pay in the given event, which is one of its meanings (Webster's New International Dictionary), and not a promise to be answerable for the default of another, which is its technical meaning in an appropriate context. The former is evidently the sense in which the term is employed in the opinion which, guarded by this note of explanation, properly disposes of the questions argued by the plaintiff in error who, having promised to pay the stipulated sum to the defendant in error if it would execute the "within contract" with the E. R. Ramsey Company, sought to avoid its promise, after the consideration had passed, upon the ground that the execution of such contract by the E. R. Ramsey Company did not bind that corporation. It was not pretended that the contract was illegal, or immoral, or against public policy or otherwise unlawful, but only that its execution by the secretary and treasurer of the Ramsey company was not duly authorized. It is admitted that the defendant in error lawfully executed the contract which was the sole consideration and one of the events upon which the

plaintiff in error predicated his promise to pay; the other being the failure of the Ramsey company for any reason to pay the $7,000.

For this reason we do not consider the question of the legal obligation of the guarantor of a contract defectively executed by its primary obligor.

The judgment of the Supreme Court is affirmed.

*For affirmance*—None.

*For reversal* — GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ.   12.