MARIE A. PFEIFFER, PLAINTIFF, v. JAMES E. CROSSLEY, DEFENDANT.

Submitted March 21, 1918—Decided June 5, 1918.

1. In cases of absolute guarantee of payment of the obligation of another, the party guaranteed may hold the guarantor without suing on the primary obligation, is not bound to notify the guarantor of default as a condition precedent to suit, and is not barred by delay in calling on the debtor for payment.

2. The guarantee in this case held an absolute guarantee of payment of a mortgage, and not impaired because at the request of guarantor, plaintiff foreclosed and then failed to sue on the bond within the period limited by the statute of 1880.

On case certified from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff, *Louis J. Beers.*

For the defendant, *Harry Kalisch.*

The opinion of the court was delivered by

PARKER, J. The essential facts established at the trial are that contemporaneously with the assignment of a bond and mortgage of $5,700, by defendant to plaintiff, and as a part consideration of the transaction and an inducement to plaintiff to accept the bond and mortgage, defendant executed and delivered a written guarantee to plaintiff, set forth in full below, whereby he guaranteed "the payment of the face of the said mortgage." Afterwards, the mortgage not being paid, Crossley's attention was evidently called to the fact and at his request plaintiff proceeded to foreclose. Before the sale defendant was requested to pay the amount due and take the mortgage, but did not do so. The mortgaged premises were sold under the foreclosure to a third party for an amount

which left a deficiency on the bond of $2,550, which plaintiff seeks to recover in this suit, with interest. The following is a copy of the guarantee:

NEWARK, N. J., May 17th, 1911.

Whereas, I, James E. Crossley, have on the 15th day of May, 1911, assigned a certain mortgage in the sum of $5,-700 to Marie A. Pfeiffer, which mortgage was made by Nellie A. Smith, to the said James E. Crossley, dated February 7th, 1907, and recorded in book Q of mortgages, pages 572–575, the said assignment being a part consideration of a certain deed made by Marie A. Pfeiffer to C. Victoria Peddie, bearing date the 15th day of May, 1911, for premises situate on Academy street, Silk and Henry streets, in the city of Newark. Now, therefore, I, James E. Crossley, of the city of East Orange, in further consideration of the said deed made by the said Marie A. Pfeiffer to the said C. Victoria Peddie, do hereby guaranty unto the said Marie A. Pfeiffer the payment of the face of the said mortgage.

(Signed)    JAMES E. CROSSLEY.

The defence made is that defendant is discharged because plaintiff after the sale neglected to sue on the bond within six months, and, consequently, because of the act of 1880 (*Pamph. L., p.* 255; *Comp. Stat., p.* 3420) such suit was barred by limitation and defendant lost the benefit of whatever might have been recovered thereby.

This defence rests, as it seems to us, upon the fundamental misconception that the guarantee in question is one of collection merely, whereas in fact it is an absolute guarantee of payment. The distinction is pointed out in *Wilkinson-Gaddis Co.* v. *Van Riper,* 63 *N. J. L.* 394, by the late Mr. Justice Lippincott, speaking for this court; and is further adverted to in *Columbia Company* v. *Kemmet,* 67 *Id.* 18, in this court, and in *Manchester Building Association* v. *Shuart,* 74 *Id.* 563, in the Court of Errors and Appeals.

In cases of this class the party guaranteed is under no obligation to sue on the obligation guaranteed, need not

allege an unsuccessful suit as a condition of recovery against the guarantor; is not barred by delay in calling on the debtor for payment, and need not even notify the surety of non-payment. *Hoey* v. *Jarman,* 39 *N. J. L.* 523; *affirmed,* 40 *Id.* 379; *Wilkinson-Gaddis Co.* v. *Van Riper, supra; Manchester Building Association* v. *Shuart, supra; Pleasantville Loan Society* v. *Moore,* 70 *N. J. L.* 306.

Hence, plaintiff was under no legal obligation to foreclose the mortgage, but was entitled to hold the guarantor immediately upon a default. Her foreclosure was simply a favor to the defendant; and *a fortiori,* she was under no obligation to follow it up by a suit on the bond. It was for the defendant to pay, to take up the bond and mortgage, and pursue the remedies thereon himself.

The essential facts having been specially found by the jury, pursuant to rule 110 of this court, the Circuit Court is advised to enter judgment in favor of plaintiff for the amount of her claim.