The motion against the bill filed herein cannot be sustained.
The well recognized rule prohibiting the prosecution of inconsistent remedies or remedies based upon inconsistent or repugnant claims is in no way invaded by the facts averred in the bill.
The pending stop-notice action at law is a purely statutory remedy, and by the statute is limited to the recovery from the owner of the amount due or which under the contract should be due from him to the contractor under the specific terms of the filed contract. That statutory remedy against the owner arises from the exercise by the owner of his privilege to file the contract and specifications; more than that amount cannot be recovered against him.
Complainant's bill in equity asserts obligations wholly independent of the statutory obligation of the owner to pay to the contractor a specific price for the labor and materials specified in the filed contract. The bill alleges that $39,000, $8,010 in excess of the contract price, was by agreement set aside by the mortgagee as a special fund in trust, to be applied to the payment of all persons to whom the contractor might become indebted for labor or materials, and that the mortgagee, owner and contractor so represented to persons who were requested to furnish labor and materials, and that complainant furnished the materials which were supplied by it in reliance upon the trust fund. It is that trust which the *Page 297 
bill seeks to establish and enforce. By the averments of the bill there appears to be about $12,000 in that trust fund at this time which has not been applied to the payment of claims for labor and material supplied to the building. It seems clear that the pursuit of the statutory remedy, and the enforcement of the trust for the payment of such amount as may not be so recovered, are purely cumulative and concurrent remedies, and that the former is in no way repugnant to or in conflict with the latter.Shoemaker v. Maloney, 102 N.J. Law 363; Buck v. Colbath,70 U.S. 334.