JOSEPH C. HUGHES, RESPONDENT, v. RANKIN REALTY COMPANY, A NEW JERSEY CORPORATION, ET AL., APPELLANTS.

Argued October 23, 1931—Decided February 1, 1932.

For the appellant Irvington Iron Works, *Kanter & Kanter* (*Elias A. Kanter,* of counsel).

For the respondent, *Peck & Rawson* (*Thomas J. Markey,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the Irvington Iron Works from a judgment entered upon a verdict for the plaintiff in the Circuit Court.

The situation was this:

On March 9th, 1928, Joseph C. Hughes, plaintiff-respondent, acquired a note from the Irvington Iron Works, a New Jersey corporation, by the payment of $1,232.50 to that corporation. Thereafter the plaintiff sold the note to the Mutual Bank of Roseville. The note was made by the Rankin Realty Company and was payable at the Colonial Trust Company of Newark on May 2d, 1928. On the day of maturity of the note the Mutual Bank of Roseville was the owner of it. The evidence tends to shows that the note was presented for payment at the Colonial Trust Company, through the clearing house in Newark, and it was dishonored. Notice of dishonor was sent to the plaintiff. He was obliged to pay the amount of the note to the Mutual Bank of Roseville, the owner thereof at the time of its maturity. After notice of dishonor was served upon all prior endorsers and the maker of the note (as the evidence tends to show) and upon their refusal or neglect to pay, suit was instituted against them in the Circuit Court. Judgment by default was entered against all of the parties except the Irvington Iron Works. At the trial judgment was entered upon the verdict in favor of the plaintiff and against the Irvington Iron Works, and the latter (hereinafter called the defendant) appealed from the judgment.

The questions on this appeal arise upon exceptions to the refusal to nonsuit, refusal to direct a verdict for the defendant, and refusals to charge.

The defendant contended at the trial, and contends here, that it was an accommodation endorser, and being a corporation was not liable, and this contention was made a basis for the motion to direct a verdict and for a request to charge.

To this it is a sufficient answer to say that the contention is not well grounded in fact.

The proofs at the trial conclusively showed that the defend-

ant sold the note to the plaintiff and received therefor the latter's check for $1,232.50 payable to the defendant's order, which it deposited to its credit in its bank and used the proceeds. It therefore received value for the note, and hence was not, under the terms of section 29 of the Negotiable Instruments act (*Comp. Stat., p.* 3738), an accommodation party.

The defendant next contended, and now contends, that there was no proof of due presentment of the note, and made that contention a ground for nonsuit and for the direction of a verdict.

We think there was evidence requiring the submission of that question to the jury, as was done.

The argument under this head is that there was no evidence that "the instrument was exhibited to the person from whom payment was demanded," and no evidence of "actual physical presentment at the bank during banking hours." We think that there was.

When the note matured it was owned by the Mutual Bank of Roseville. The assistant trust officer of that bank and a notary public testified that on May 2d, 1928, the due date of the note, he presented the note to the Colonial Trust Company of Newark where it was payable, and that it was not paid. The defendant, however, points out that the statements of this witness on cross-examination are in conflict with his statements on his direct examination. In such case the rule is that when different parts of a witness' testimony are in direct conflict, it is for the jury to determine what parts thereof shall be believed. *Nichols* v. *Grunstein,* 105 *N. J. L.* 363.

But this is not all. The secretary and treasurer of the Colonial Trust Company testified to matters from which the jury could lawfully infer, if they saw fit, that on the due date of the note it was actually physically exhibited, during banking hours to the person from whom payment was demanded at the bank where it was payable, and that payment was refused because of insufficient funds. The question of due presentment, under sections 74 and 75 of the Negotiable Instruments act was therefore for the jury.

The defendant next says that the judge erred in refusing its motion for a nonsuit and for a direction of a verdict because there was no evidence of notice of dishonor to the defendant, an endorser on the note, or to its agent in that behalf, as required by sections 89, 96 and 97 of the Negotiable Instruments act.

We think that there was such evidence. The evidence tended to show that after presentation and dishonor on May 2d, 1928, the note was regularly protested and notices thereof were received by the plaintiff on May 3d, 1928, and on May 4th, 1928, plaintiff personally went to the office and usual place of business of the defendant company, and after vainly endeavoring to find the president or other officers, left the copy of the notice of protest, addressed to the company, at the company's office during business hours with an employe of the company in general charge of the office in the absence of other officers.

It is not contended that this service was not in time. The contention is that the notice was not in fact given to the employe, and if given, was not sufficient service because the employe was not authorized to receive it.

With respect to the contention that it was not given, that, under the evidence, was a jury question and it was left to them. With respect to the sufficiency of the service, if made, the rule is that it is proper and sufficient to leave notice of dishonor at the office and usual place of business of a corporation, the party to be charged, with an employe in general charge of the office in the absence of the other officers, and when no other officers can be found by diligent search. *Smalley* v. *Wright,* 40 *N. J. L.* 471, and cases collected in 8 *Corp. Jur.* 660. Tested by this rule the question of due notice of dishonor was properly left to the jury, in view of the evidence.

Lastly defendant argues that the judge erred in refusing requests to charge. Not so and for these reasons:

Request No. 9 was properly refused because it had been substantially covered, in so far as it contained correct and pertinent propositions of law, by the instructions given. *Hintz* v. *Roberts,* 98 *N. J. L.* 768.

Request No. 11 was properly refused because it ignored and excluded from the consideration of the jury competent and material evidence admitted at the trial. *Stiles* v. *MacLean,* 103 *N. J. L.* 537.

We believe that the foregoing observations in effect deal with every question argued which requires consideration.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, KERNEY, JJ. 14.

*For reversal*—None.