738 

Bergen County Circuit Court.

NEW YORK CREDIT MEN'S ASSOCIATION, A NEW YORK
CORPORATION, PLAINTIFF, v. ELLIOTT ROTHENBERG,
DEFENDANT.

Decided October 25, 1937.

For the plaintiff, *Adolph Schlesinger* (by *L. Stanley Ford*).

For the defendant, *Herman Greenstone*.

Caffrey, C. C. J. This is an action brought by the New
York Credit Men's Association, a New York corporation
having its office in the city of New York, against the defend-
ant, Elliott Rothenberg, a resident of Teaneck, in the county
of Bergen, and this suit arises out of a contract of guaranty
entered into by the parties hereto and also signed by Elliott's
Chemists, Incorporated.

The complaint contains two counts. The first count avers
the making on May 1st, 1934, of a note by Elliott's Chemists,
Incorporated, a New Jersey corporation, its endorsement by
the defendant, presentment at maturity and non-payment.
It is also alleged by the plaintiff that notice of protest was
"forthwith given to the endorser thereof, the said Elliott
Rothenberg." The *copy* of the certificate of protest attached
to the complaint refers to the maker as Elliott's Chemists,
Incorporated, by Elliott Rothenberg, president, and to the
defendant (endorser) as Elliott Rothenberg. The *original*
certificate of protest recites that notice of protest was given
(in so far as the same relates to maker and defendant

endorser) to Ellicott's Chemists, Incorporated, by Ellicott Rothenberg, president (maker), and Ellicott Rothenberg (endorser), notice being mailed, *so addressed,* in care of New York Credit Men's Association at its New York City office therein mentioned.

An examination of the original note indicates the same to be payable to the plaintiff "as trustee."

The second count alleges the execution on April 16th, 1934, by the defendant, of a guaranty bearing that date, wherein the defendant did personally guarantee to the creditors of Elliott's Chemists, Incorporated (of which it is claimed the defendant was president and a large stockholder), payment of moneys due to them amounting to $8,587.26, the plaintiff herein being the trustee in said guaranty named. In consideration of said guarantee, the creditors agreed through their trustee, to extend time of payment of the aforesaid sum and not to take any action or actions to collect the same, and agreed to accept the defendant's guarantee for the payment of $1,000 on May 1st, 1935, and the balance at the rate of $1,000 yearly, in equal monthly installments, until the full sum due, is paid, said payments to be made to the trustee at its office in New York at the address mentioned. A copy of this guaranty is annexed to the complaint. The said second count recites failure to pay said indebtedness or any part thereof. The note referred to in the first count represents the first of a series of notes evidencing said indebtedness.

The defendant by his answer admitted the making and delivery of the note, as well as the execution of the guaranty aforesaid. The answer also contains a general denial and several defenses, *inter alia,* want of consideration as endorser; admission of execution of the guaranty and averment that the same is not now binding upon the defendant; also that no notice of protest of the note was ever delivered to defendant.

The plaintiff denied every affirmative allegation set forth in the answer and joined issue thereon, in its filed reply.

The cause was tried, with the consent of the parties, by the court, without the intervention of a jury.

At the trial, the plaintiff, by its staff manager, offered the note and certificate of protest in evidence, without objection, and rested. Subsequently and without objection, the guaranty hereinbefore referred to, was also received in evidence. Upon cross-examination by the defendant's counsel, it appeared that the note was made in conformity with the guaranty aforesaid, that the assent of ninety per cent. of the creditors had been obtained (the consents although in court were not offered in evidence), that notice of protest addressed (as aforesaid) to the defendant, had been received *at the office of the plaintiff*, although the plaintiff knew the exact residence address of the defendant in Teaneck and at no time received any other mail or communication intended for the defendant. The record does not disclose that any notice of dishonor was sent to the defendant at Teaneck (see sections 104, 107 and 108 of Negotiable Instruments act, *Comp. Stat.* 1910, *p.* 3747), although due diligence *on the part of the plaintiff*, and notary would have disclosed the same. It should be noted at this time that the note on its face, discloses the same as issuing out of Hackensack, New Jersey, where the maker (Elliott's Chemists, Incorporated) had its place of business, the defendant herein being the president of said maker-corporation. *Herbert* v. *Servin*, 41 *N. J. L.* 225. The note does not contain any waiver of protest. It was payable at the office of the plaintiff.

Decision on motion of defendant for nonsuit was reserved.

The defendant, testifying in his own behalf, stated that he had been a resident of Teaneck at the same address for thirteen years (the same address as testified to by the witness offered in behalf of the plaintiff) and contended that he had never received any notice of protest of the aforesaid note although he admitted that the plaintiff was acting as trustee for the creditors of Elliott's Chemists, Incorporated. With respect to the sufficiency of the service, if made, the rule is now elementary that it is proper and sufficient to leave notice of dishonor at the office and usual place of business of a corporation, *the party to be charged,* with an employe in general charge of the office, in the absence of the other officers. *Smal-*

*lery* v. *Wright,* 40 *N. J. L.* 471; 8 *Corp. Jur.* 660; *Hughes v. Rankin Realty Co.,* 108 *N. J. L.* 485; 158 *Atl. Rep.* 487. In the case at bar, this requirement was admittedly not complied with for that no notice of dishonor directed to the defendant, either at Teaneck or Hackensack, was sent to him. This circumstance could not, however, affect the defendant's obligation under the guaranty—wherein the defendant became a guarantor of payment. *Columbia Electric Supply Co.* v. *Kemmet,* 67 *N. J. L.* 18; 50 *Atl. Rep.* 663. One who for the accommodation of the maker *guarantees* the payment of a note, is not an accommodation party within section 29 of the Negotiable Instruments act, because—in so far as relates to said guaranty—he is neither maker, drawer, acceptor or endorser.

In the making of the guaranty herein referred to, it is not claimed that there was any fraud, duress, deceit, or violation of law in procuring the same. Sound policy as well as the plainest principles of justice demand that when there is a valid consideration, and the payee had done nothing to deceive or mislead either principal or guarantor, the guarantor should be held to the terms of his contract. The disability of Elliott's Chemists, Incorporated, appears to have been the very reason for the requirement of the guaranty of payment by the defendant. The legal effect of the guaranty here under consideration was that the defendant would pay the sum of $8,587.26 called for by the agreement, the Elliott's Chemists, Incorporated, not having the moneys wherewith to pay the same. *Perkins-Goodwin Co.* v. *Hart,* 83 *N. J. L.* 471; 83 *Atl. Rep.* 877. See, also, *Newark Finance Corp.* v. *Acocella,* 115 *N. J. L.* 388; 180 *Atl. Rep.* 862, and cases therein cited as to distinction between the words "guaranty" and "surety." See, also, *Westville Land Co.* v. *Handle,* 112 *N. J. L.* 447; 171 *Atl. Rep.* 520 (at *p.* 522). The defendant by his guaranty agreement incurred the obligation to pay said sum. It was not qualified or conditioned upon the plaintiff sustaining loss.

The defendant and two witnesses called by him gave testimony, which if believed, showed that on May 18th, 1934, a creditor instituted suit in a local District Court against the

defendant and the Elliott's Chemists, Incorporated, upon which no judgment was entered, and which said suit remains open of record. It does not appear whether or not this creditor was a party to the guaranty hereinbefore referred to and if a party, when and if its consent was obtained. The defendant also claimed that he made payments to several of his creditors (after he entered into the guaranty agreement with the plaintiff), including a payment made to a creditor on June 26th, 1934, because he "didn't believe the agreement was in existence," although the defendant did not communicate this belief to the plaintiff. . The testimony before this court does not disclose whether these creditors so paid were parties to the guaranty or whether their indebtedness was taken into consideration under said agreement. The list of creditors was not offered in evidence.

The defendant testified that he had not received any notice from the plaintiff indicating that ninety per cent. of the creditors had assented to the operation of the guaranty agreement although it appears that the last consent was received on April 26th, 1935, and the note referred to in the first count of the complaint did not become due until May 1st, 1935. There is nothing in the guaranty which requires the plaintiff to communicate to the defendant the acceptance by ninety per cent. of the creditors of the terms of the guaranty aforesaid. The testimony before this court indicates that ninety per cent. of the creditors whose names have been submitted to the trustee assented to said agreement and evidence of the acceptance given to said trustee. The defendant has not submitted any proof to refute this testimony.

The defendant further testified that he made a payment of $50 to the plaintiff in part payment of service that they had rendered up to a certain date. The plaintiff's witness stated that this amount was considered a payment on the note and that it was paid in the latter part of September, 1934. This court is of the opinion that this payment was made under paragraph 8 of the guaranty, which provides for payment to the trustee (plaintiff) of the sum of $50 each year for services rendered or to be rendered in connection with this matter. This payment, admittedly made, leads this court to

the conclusion that it was the intention of this defendant to be bound by the conditions and obligations of the guaranty and the terms thereof, even though the suit of May 18th, 1934, had been instituted and the payments to creditors voluntarily made by said defendant as aforesaid.

In so far as suit on the guaranty agreement is concerned, the rule seems to be that in cases of this class the party guaranteed is under no obligation to sue on the note as a condition precedent to recovery against the guarantor and is not barred by delay in calling on the defendant for payment and need not even notify the defendant of non-payment of the note. Accordingly, the plaintiff here was entitled to hold the guarantor defendant immediately upon a default. *Columbia Electrical Supply Co.* v. *Kemmet, supra; Pfeiffer* v. *Crossley,* 91 *N. J. L.* 433; 103 *Atl. Rep.* 1000; *affirmed,* 92 *N. J. L.* 638; 106 *Atl. Rep.* 892. The obligation here under consideration was an absolute guaranty of payment by the defendant of the obligation of the Elliott's Chemists, Incorporated. To permit the defendant to escape from the liability of his guaranty would be to lend judicial sanction to a fraud upon the plaintiff corporation, which acted in good faith on the defendant's acts and solemn obligation. The defense interposed by the defendant is without merit to support it.

Unfortunately, the plaintiff (and probably through inadvertence) withdrew from consideration of the court, the count with respect to the guaranty. The evidence in the case justifies a recovery by the plaintiff on that count.

Under the circumstances, an amendment will be permitted in keeping with the testimony to that end.

Counsel for the plaintiff may apply for leave to restore the abandoned count on the guaranty. In order that the defendant may have an opportunity to offer any testimony with respect to that, the defendant will be allowed, as a matter of course, the right to file his answer to the amended complaint and thereafter a day may be fixed for the taking of any additional testimony. In the event that the defendant does not wish to do this, judgment will be entered in favor of the plaintiff and against the defendant in the sum of $1,000.