ERNEST NAZZARO, complainant-respondent,

*v.*

GLOBE AND REPUBLIC INSURANCE COMPANY OF AMERICA,, defendant-appellant.

[Argued February 13th, 1940.   Decided April 25th, 1940.]

*Mr. Edward Gaulkin,* for the complainant-respondent.

*Messrs. Kristeller & Zucker (Mr. Lionel P. Kristeller),* for the defendant-appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

This is an appeal from a decree of the Court of Chancery reforming a fire insurance policy written by appellant for respondent and also restraining the appellant company from maintaining one of the defenses which it pleaded in a suit at law that was commenced by respondent against the appellant.

The policy was issued to cover an amusement device operated by appellant in a summer park in Trenton. The park was closed from Labor Day to Memorial Day. There was evidence from respondent that when the policy was delivered to him he noticed an endorsement which set forth "* * * that unoccupancy and vacancy privilege under this policy is limited to sixty consecutive days," and upon inquiry whether his device, known as "Old Mill Ride," would be covered for insurance during the months the park was closed, he was informed that since he went to the park at least every sixty days through the year to look after his property the policy would therefore remain effective.

This information came from Thomas Auld, of Thomas A. Auld and Sons, Inc., agents of the appellant, and entrusted by it with blank forms and endorsements which it had authority to fill out in the issuance of policies, including the delivery of such policies without consulting the appellant company, so that it was within the scope of the agency to issue the policy in question covering the Old Mill Ride in the off-season. The evidence further indicated that Thomas Auld knew the amusement park, was aware of the seasonal nature of Nazzaro's business, and was director, secretary and treasurer of Thomas A. Auld and Sons, Inc., agent of appellant, possessing authority and being accustomed to issue policies without the need of consulting others, so that the information and representation from him to respondent was authoritative and binding. It is to be considered also that the respondent had secured insurance from appellant previously on other occasions, and that the prior policies did not contain the clause concerning which respondent inquired, so that it appeared reasonable and justifiable for respondent to rely upon the explanation and representation given to him by appellant's agent.

A fire having occurred and the loss not being paid, respondent commenced an action at law for recovery under the policy. Appellant resisted this suit, filing an answer setting forth various defenses, among them the defense that the premises had been unoccupied for more than sixty days, and that the policy was therefore null. Respondent then brought suit in Chancery for reformation of the policy to conform with the representations made to respondent by the agent at the time of issuance of the policy. The Court of Chancery directed the relief which the respondent sought in that suit.

The appellant urges two main points for reversal. One is that the complainant-respondent made an election of remedies by instituting the suit at law, and was therefore estopped from proceeding in Chancery, and secondly, that the complainant was barred by laches.

It has been well settled that an election of remedies is deemed to involve a choice between two inconsistent actions. There is no such election if there is no inconsistency between

the actions, such as when the aid of equity is sought to implement a right which exists in law or to make possible the appropriate functioning of that right. In such an instance there is a concurrence rather than an inconsistency of remedies. *Levy* v. *Massachusetts Accident Co., 127 N. J. Eq. 49; Kelsey* v. *Agricultural Insurance Co., 78 N. J. Eq. 378; Adams* v. *Camden Safe Deposit and Trust Co., 121 N. J. Law 389.* During the pendency of a suit at law, a supplemental suit in Chancery to embody in a contract the true arrangement made between the parties does not stamp a previous law action based on the contract as a choice of remedies that would bar the Chancery suit.

Appellant argued further that since the reformation of a written contract is an extraordinary remedy, it should be granted in the absence of fraud only when the proofs are clearly inescapable and convincing, or where there is a mutual mistake of fact, and that the relief should be withheld if the error is unilateral or constitutes a mistake of law.

In the present juncture and upon the evidence adduced by the respondent, which was not denied by appellant's witnesses, there appeared convincing proof of a mutual mistake. If the tenet of mutual mistake were not followed, then there would be the alternative of a fraud perpetrated by the agent of the respondent, so that in either event the complainant would be entitled to the aid of the court, in one instance to correct the mutual mistake and to incorporate in the contract the true rather than the erroneously expressed intent of the parties, or in the second case to restrain the perpetrator of the fraud producing unilateral mistake from pursuing the advantage that would accrue from the fraud.

On the subject of laches, the complaint of appellant is that respondent's suit at law was not prosecuted, a nonsuit was entered, and the case thereafter reinstated, with the Chancery suit added, entailing an interval of two years between the first commencement of the law action and the trial of the Chancery suit, and that this lapse of time created difficulty for the agent Auld in recalling the details of the conversation with respondent concerning the non-occupancy clause in the policy. In this connection, it is pertinent to note that actions

on oral contracts and for various causes are not barred until the expiration of six years. Delay in bringing such a suit till nearly the expiration of the full six years would not avail a defendant to invoke the doctrine of laches on the ground that his memory then failed him because of the passage of time. The two years in this instance does not constitute an unconscionable delay. Nor was it mere willful procrastination, since it appears there was some unavoidable time lost because of the illness of respondent's attorney. In a claim of laches it is also one of the essentials that the alleged delay should have inequitably inured injuriously to the person urging that defense. There is no proof in this case of any such result to appellant.

Appellant presents still one other matter for disposition. This is with respect to a counsel fee and costs of $400 allowed by the Court of Chancery to the respondent in the Chancery suit. It is contended that since the policy is only for $1,500, an allowance of $400 represents too disproportionate a percentage of the principal sum involved, and is excessive. Appellant omits to point out that the $400 is inclusive of counsel fees and costs. The *onus* is upon the appellant to demonstrate affirmatively any alleged abuse of discretion, and it devolved on appellant to show separately what the counsel fee was, so that there would be some concrete fact before the court upon which it could pass. The appellant failed to do this. The circumstances, moreover, indicate that considerable effort was called for on the part of counsel, and in view of all the circumstances, there appears no reason on the meritorious side for disturbing this part of the decree.

The decree of the Court of Chancery is therefore affirmed.

*For affirmance*—The Chief-Justice, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, Wolfs-Keil, Rafferty, Hague, JJ. 12.

*For reversal*—None.