12 N.J. Super. 186 (1951)
79 A.2d 323
HARRY GANGER, PLAINTIFF-RESPONDENT,
v.
ARTHUR W. MOFFETT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1951.
Decided March 9, 1951.
*188 Before Judges FREUND, PROCTOR and ROGERS.
Mr. Carl Kisselman argued the cause for the defendant-appellant (Mr. Barney B. Brown, attorney).
Mr. Irvin M. Lichtenstein argued the cause for the plaintiff-respondent (Mr. Milton C. Nurock, attorney; Mr. S. Arthur Levy, of counsel).
The opinion of the court was delivered by FREUND, S.J.A.D.
The plaintiff, assignee of a contract for the sale of realty, recovered a judgment against the defendant assignor for $1,200, the consideration paid for the assignment, which amount the defendant had agreed to repay if the owners refused to sign a deed for the property.
The defendant was the vendee in a written contract for the sale of realty. Although title to the property was vested in a number of persons, the contract was not executed by all, but only by one, A.M. Ellis, individually and as agent for the other owners. It called for the delivery of a warranty deed conveying a marketable title, and provided that if such title could not be conveyed, and the buyer was unwilling to accept such title as the sellers could convey, the deposit of *189 $100, together with reasonable title search and survey fees, was to be returned. The defendant assigned his interest in the contract to the plaintiff for $1,200, which included the sum of $100, the down payment made by the defendant to the vendors. In the assignment the defendant agreed that "in the event that any of the other parties in interest in title refuse to sign the said Deed, then the consideration money of Twelve Hundred Dollars to be returned to the said Harry Ganger, aforesaid."
The plaintiff contended that he was prepared to perform his part of the agreement of purchase, but that the owners of the property repeatedly refused to sign a deed conveying a marketable title. Thereupon, he brought suit in the Chancery Division of this court against the owners for specific performance and damages. Pending that suit, he instituted the instant action against the defendant on the express stipulation in the assignment to recover the consideration therefor. Subsequently, the plaintiff settled the specific performance suit in consideration of the sum of $400 paid by the owners of the property, and he executed and delivered to them a covenant not to sue. The defendant herein filed an amended answer, asserting, inter alia, that the owners were willing to perform, but that the plaintiff was not; that by the institution of the specific performance action and the settlement thereof the plaintiff had made an election of remedies which precluded him from maintaining a suit on the assignment. At the trial, defendant's motion for dismissal of the complaint was denied and the case was submitted to the jury. The court in its charge, to which no objection was made, directed the jury to determine whether the plaintiff was ready and willing to perform the terms of the contract for the purchase of the property and whether the owners refused to sign a deed; and that, if so, the plaintiff would be entitled to a verdict. The jury returned a verdict in favor of the plaintiff for $1,200, and from the judgment entered thereon this appeal was taken.
Quite obviously, the plaintiff's alleged cause of action as assignee of the vendee against the owners for specific performance of the contract because of the owners' failure to *190 perform, and his cause of action against the defendant on the express stipulation in the assignment, were distinct, against different persons and founded on separate instruments. The actions were entirely consistent. Ordinarily, the refusal of the owners of realty to perform gives rise to an action for specific performance at the suit of the vendee. In the instant case, the refusal of the owners to sign the deed also vested in the plaintiff a cause of action on the stipulation in the assignment. In the conventional form of assignment, the assignor merely transfers the property described in the assignment and thereafter the assignee stands in the place of the assignor. However, the assignment in this case contained an additional express undertaking on the part of the assignor, namely, a promise to return to the plaintiff the consideration money "in the event that any of the other parties in interest in title refuse to sign the said Deed."
An election of remedies is deemed to involve a choice between two inconsistent actions. There is no such election if there is no inconsistency between the actions. The principle is not applicable to bar concurrent and consistent remedies. Adams v. Camden Safe Deposit & Trust Co., 121 N.J.L. 389 (Sup. 1938); Nazzaro v. Globe & Republic Ins. Co., 127 N.J. Eq. 279 (E. & A. 1940). The specific performance action which inured upon the refusal of the owners to execute a deed and the resulting additional cause of action against the defendant were in no way repugnant to or in conflict with each other. Stinson & Dickensheets v. Specialty Homes, 107 N.J. Eq. 295 (Ch. 1930). The defendant by his agreement in the assignment became directly and primarily liable to the plaintiff and this suit was predicated on that independent obligation. Pfeiffer v. Crossley, 91 N.J.L. 433 (Sup. Ct. 1918); affirmed, 92 N.J.L. 638 (E. & A. 1919). Gaffney v. Wm. E. Wright & Sons Co., 112 N.J.L. 191 (E. & A. 1934); Case v. Plainfield Trust Co., 121 N.J.L. 239 (E. & A. 1938); Schumann v. Fidelity Union Trust Co., 127 N.J. Eq. 249 (E. & A. 1940).
The law will not make a better contract for the parties than they have seen fit to make for themselves. The *191 defendant agreed unconditionally to repay the consideration which he received for the assignment in the event that the owners of the property refused to sign a deed. That contingency having arisen, the liability accrued. The instrument executed by the plaintiff to the owners, the defendants in the specific performance proceeding, was a covenant not to sue and not a release. The execution and delivery by the plaintiff of such a covenant did not release the defendant from his obligation under the assignment. Crane v. Alling, 15 N.J.L. 423 (Sup. Ct. 1836).
The defendant further argues that the plaintiff having extended the time for the delivery of the deed beyond the date fixed in the contract for the closing of title, thereby released the defendant from his obligation under the assignment. There is no merit in this contention. From the evidence, including correspondence between the plaintiff's attorney and the vendor, the plaintiff diligently endeavored to acquire title to the property and the extensions of time were for the purpose of performance, rather than repudiation of the contract. Furthermore, the jury's verdict established that the plaintiff was ready to perform and that the owners were not.
The judgment is affirmed, with costs.
PROCTOR, J.A.D. (dissenting).
As I think the defendant's motion for dismissal should have been granted, I am obliged to dissent.
When the vendors who had not personally signed the contract refused to sign the deed, the plaintiff under the terms of the assignment had a cause of action against the defendant for the money he paid for the assignment. It may be assumed that the plaintiff had a right to commence an action for specific performance against the vendors on the contract without forfeiting his rights against the defendant under the terms of the assignment. However, conceding this, it was nevertheless competent for the plaintiff and the vendors to substitute the payment of money ($400) for the execution of a deed as first provided, and if such payment was made pursuant to mutual consent, it amounted to compliance with the condition *192 of the assignment. 12 Am. Jur., Contracts, § 355. The plaintiff, having accepted the settlement from the purported vendors, cannot afterwards be heard to say that the condition respecting reimbursement remained in force.