157 N.J. Super. 132 (1978)
384 A.2d 575
JOHN J. DURANTE, T/A FRANKLIN SQUARE BUILDERS, A SOLE PROPRIETORSHIP, PLAINTIFF,
v.
ROGER GADINO, ETC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 3, 1978.
*133 Messrs. Hutt, Berkow & Hollander, attorneys for plaintiff (Mr. Jay M. Hollander, of counsel).
Mr. Ronald B. Atlas, attorney for defendants.
MORRISON, J.C.C. (temporarily assigned).
Plaintiff John J. Durante, t/a Franklin Square Builders, brings a motion for summary judgment as owner of an apartment complex against 19 various tenants residing therein. Plaintiff landlord had commenced separate summary dispossess actions in the Bergen County District Court against each of the defendants herein for failure to pay the rent due for the month of October 1977. By order dated December 6, 1977 these actions were consolidated and removed to the Superior Court.
*134 Each of the defendants is a tenant under a written lease or renewal thereof. A separate agreement was entered into by each of the defendants upon commencement of the initial lease, stating:
Receipt is acknowledged of the sum of $210.00[1] as full payment of refurbishing, repainting and repairs due to normal use, wear and tear of the above-mentioned apartment at the conclusion of this lease after the tenant has vacated.
No provision is made in the lease for payment by tenants of a security deposit. In fact, that particular paragraph of the lease which contains a provision for a security deposit, paragraph 31, has been stricken from the terms of the lease altogether.
On October 1, 1977 defendants served plaintiff with identical letters demanding that plaintiff apply the $210-$260 to the October rental, and tendered to plaintiff the difference between the $210-$260 and the actual rental for October 1977. Plaintiff returned the partial payment to each defendant, demanding that the rental for that month be paid in full.
Plaintiff thereupon instituted summary dispossess actions against each of the defendants for nonpayment of the October 1, 1977 rent. After consolidation and transfer of the various tenancy cases to the Superior Court, and upon the date on which the motion for summary judgment was returnable, January 6, 1978, the court ordered that each defendant pay plaintiff the difference between the $210-$260 and the actual rental due for October 1977.
The narrow issue before the court is whether monies received by the landlord at the inception of the lease "as full payment of refurbishing, repainting and repairs due to normal *135 use, wear and tear * * * at the conclusion of this lease after the tenant has vacated" are subject to the mandates of the "Security Deposit Law," N.J.S.A. 46:8-19 et seq.
N.J.S.A. 46:8-19 begins as follows:
Whenever money or other form of security shall be deposited or advanced on a contract, lease or license agreement for the use or rental of real property as security for performance of the * * * lease * * * or to be applied to payments upon such * * * lease * * * when due, such money or other form of security, until repaid or so applied * * * shall continue to be the property of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made for the use in accordance with the terms of the * * * lease * * * and shall not be mingled with the personal property or become an asset of the person receiving the same. [Emphasis supplied]
This provision also requires, among other things, that the landlord notify the tenant of the name and address of the banking institution or savings and loan association in which the deposit of that money was made.
Further,
In the event the person receiving a security deposit fails to notify the tenant of the name and address of the banking institution or savings and loan association in which the deposit of such security is made, and the amount thereof, within 30 days after receipt of same from the tenant, the tenant may give written notice to the person receiving the same that such security money be applied on account of rent payment or payments due or to become due from the tenant * * * [N.J.S.A. 46:8-19]
Defendants contend that the $210-$260 paid to plaintiff under these separate agreements are subject to N.J.S.A. 46:8-19, and that since plaintiff failed to notify tenants in accordance with said act of the banking institution where the monies were being held, that defendants are entitled to have said monies applied on account of their rent payment for October 1977.
The initial question to be addressed is what is meant by the term "security" in the landlord-tenant context, particularly *136 in N.J.S.A. 46:8-19. In the absence of a definition being contained within the statute, words will be given their ordinary and well-understood meaning. Service Armament Co. v. Hyland, 70 N.J. 550, 556 (1976). The pertinent definition of the term "security" is set forth in Webster's Seventh New Collegiate Dictionary:[2]
2a: something given, deposited, or pledged to make certain the fulfillment of an obligation * * *
In this case the $210-$260 contracted for by the tenants in the separate agreement was not given "to make certain the fulfillment of an obligation" of the lease. Instead, these monies were paid to the landlord for the specific purpose of refurbishing the apartment after the tenant vacated the premises, and were nonreturnable.
The landlord, in the lease itself, deliberately eliminated any requirement for the posting of security by the tenant for the performance of the terms and conditions of the lease. The effect of this is to compel the landlord to resort to a suit for rent (N.J.S.A. 2A:42-11) or dispossess (N.J.S.A. 2A:42-7) in the event the rent is not paid, and a suit for waste (N.J.S.A. 2A:65-1 et seq.) in the event of destruction of the leased premises during the term of the lease by the action or inaction of the tenants, with all the inherent risks and inconveniences that go with such remedies.
The sum of $210 for a one-bedroom apartment, or $260 for a two-bedroom apartment, is less than one month's rent. It is not excessive or unreasonable in relation to the actual costs involved in repainting and refurbishing an apartment at the cessation of a tenancy.
I find as a fact that the amount of $210 or $260 is not unconscionable. The parties, both landlord and tenant, entered *137 into a contract for the refurbishing of the apartment at $210 for a one-bedroom apartment or $260 for a two-bedroom apartment, which they had a right to do. New Jersey has recognized the freedom of the parties to enter into a contract of their own choosing, and the courts will not make a better contract than that agreed to by the parties. Ganger v. Moffett, 12 N.J. Super. 186, 190 (App. Div. 1951), aff'd 8 N.J. 73 (1951).
The Security Deposit Act was not aimed at such freely bargained-for contracts to pay and receive monies to paint and restore premises upon vacation by the tenant. In Watson v. Jaffe, 121 N.J. Super. 213 (App. Div. 1972), a per curiam decision considering the narrow issue of whether the Security Deposit Act deprives a tenant of benefits if he has been evicted for nonpayment of rent, the court stated:
* * * we are satisfied they [L. 1971, c. 233, effective June 21, 1977, of which the Security Deposit Act, N.J.S.A. 46:8-19 et seq., is a part] were adopted to protect tenants from overreaching landlords who require rent security deposits from tenants and then divert such deposits to their personal use. [at 214]
No such problem of overreaching by the landlord in respect to the $210 or $260 paid to the landlord by the tenant is presented under the facts of this case. The $210 or $260 is not subject to return by the landlord; instead, it is money that unconditionally belongs to the landlord at the inception of the lease.
The case of Brownstone Arms v. Asher, 121 N.J. Super. 401 (Cty. D. Ct. 1972), relied on by defendant, is clearly distinguishable. In Brownstone the landlord collected a sum equal to one month's rent which he called a "security deposit," and a sum equal to one month's rent which he called an "advance" on the rental for the last month of the lease. Because these two amounts, taken together, exceeded the 1 1/2 month's rent limitation on security deposits contained in N.J.S.A. 46:8-21.2, the landlord was ordered to apply one-half of one month's rent on account of rent due.
*138 The prepayment of the last month's rent in Brownstone was clearly a "security deposit" under N.J.S.A. 46:8-19 in that the lease provided that the landlord was to retain the deposit until the end of the lease. Were the lease to have been prematurely terminated by either the landlord or the tenant before the end of the term of the lease, and were the tenant's rent paid up to date at that time, then the prepaid last month's rent would have had to have been returned to the tenant.
In contradistinction, in the instant case, the landlord need in no case return the $210-$260 paid for the purpose of refurbishing the premises at the end of the tenancy, regardless of when the tenancy is terminated. The $210-$260 is an agreed-upon amount that was thought by both landlord and tenant at the inception to be a fair approximation of the expense the landlord would have to undergo to repaint and restore the apartment. No possibility is presented where trust funds may be misapplied.
The $210-$260 in this case is money paid for a specific purpose, i.e., to refurbish the apartment, and is not "security" within N.J.S.A. 46:8-19. The $210-$260 is not "to be applied to payments upon such contract, lease, or agreement," N.J.S.A. 46:8-19, but is instead a payment for a purpose arising after the lease expires.
Therefore, having found that these monies do not constitute "security" within the acceptable definition of the term, and also that the Security Deposit Law was not intended to apply to such a situation, plaintiff's motion for summary judgment will be granted. The tenants are directed to pay to the landlord the balance of the October rent within 20 days of the entry of final judgment.
NOTES
[1] The sum of $210 was applicable to tenants renting a one-bedroom apartment; $260 was applicable to tenants leasing a two-bedroom apartment.
[2] We do not consider the order of the senses given in the dictionary to be an indication of "preferred" meaning. See Service Armament Co. v. Hyland, supra at 557, n. 2.